# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER LYNN FRYMOYER, | : | NO. 4:25-CV-00566 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Amber Lynn Frymoyer's claim for disability and disability insurance benefits under Titles II and XVI of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will vacate the decision of the Commissioner and remand the case to the Commissioner for further proceedings.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural History

On March 9, 2022, Frymoyer applied for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging disability as of December 3, 2021. Transcript, doc. 7-2 at 18. Following denials initially and upon reconsideration, Frymoyer submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). *Id.* The ALJ conducted the hearing and determined that Frymoyer is not disabled. *Id.* at 18-19.

Frymoyer filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Frymoyer's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 8, 9) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 5.

### B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity (RFC) allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, a claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

### C.   The ALJ's Decision

Here, the ALJ determined that Frymoyer "has not been under a disability within the meaning of the Social Security Act from December 3, 2021, through" the date of his decision on March 28, 2024. Doc. 7-2 at 19. The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* doc. 7-2 at 19-36.

At step one, the ALJ determined that Frymoyer "has not engaged in substantial gainful activity since December 3, 2021, the alleged onset date." Doc. 7-2 at 20. At step two, the ALJ found that Frymoyer has the following severe impairments: brain tumor/diffuse astrocytoma, asthma, migraine, epilepsy, and major depressive disorder. *Id.* at 21. The ALJ further found a number of additional impairments did not qualify as

severe, including gastroesophageal reflux disease, otitis media, disorder of refraction and accommodation, visual field defect, and obesity. *Id.* At step three, the ALJ determined that Frymoyer "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 21.

Between steps three and four, the ALJ found that Frymoyer has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she could occasionally climb ramps and stairs, and could never climb ladders, ropes, and scaffolds. She could occasionally balance, stoop, kneel, [cr]ouch, and crawl. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration, and fumes, odors, dusts, gases, poor ventilation and other pulmonary irritants. She must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery, and cannot operate a motor vehicle as part of her job duties. She is limited to work involving only simple, routine, repetitive tasks involving only 1-3 steps, with no fast-paced production requirements. She is limited to no more than simple work-related decisions. She can tolerate no more than occasional changes in the work setting. She is limited to occasional interaction with supervisors, co-workers, and the public.

*Id.* at 23-24.

At step four, the ALJ determined that Frymoyer was unable to perform any past relevant work. *Id.* at 34. At the fifth and final step, the

ALJ denied Frymoyer's disability claims because, after considering her "age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.*

### D.   Issues on Appeal

Frymoyer raises three issues on appeal: (1) The ALJ failed to incorporate any limitations related to epilepsy and migraines in formulating her RFC; (2) the ALJ's conclusion that the intensity, persistence, and limiting effects of her migraines are inconsistent with the evidence of record is not supported by substantial evidence; and (3) the ALJ failed to consider her drug-induced constipation as a medically determinable impairment. Pl.'s Br., doc. 8 at 10, 16. The Court agrees that the ALJ erred by failing to consider Frymoyer's constipation as a medically determinable impairment or to explain why he did not. Because the Court will order remand, the Court "declines to address [plaintiff's] remaining arguments, as [a] remand may produce different results on these claims, making discussion of them moot. The Court's evaluation of [the plaintiff's] additional contentions would be futile given that the ALJ's consideration of [Frymoyer's constipation], in combination

with her other impairments, may yield a different result." *Roldan v. Kijakazi*, No. 3:21-cv-621, 2023 U.S. Dist. LEXIS 46776, at \*44 (M.D. Pa. Feb. 28, 2023) (citation modified).

## II.    LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401

(1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Frymoyer is disabled, but whether the Commissioner's finding that Frymoyer is not

disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at \*1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  DISCUSSION

The Court will remand this case to the Commissioner because the ALJ failed to consider Frymoyer's constipation as a medically

determinable impairment or explain why he did not, in contravention of Social Security regulations.

Frymoyer argues that the ALJ erred because he did not acknowledge her drug-induced constipation as a medically determinable impairment, despite medical evidence in the record substantiating its legitimacy. Doc. 8 at 16-17. The Commissioner responds that the ALJ's decision not to regard Frymoyer's constipation as a *severe* impairment is supported by substantial evidence. Doc. 9 at 13. But the Commissioner fails to respond to Frymoyer's argument that the omission of constipation as a medically determinable impairment constitutes reversible error.[2]

When an ALJ fails to find an impairment medically determinable or to explain why he does not consider it to be medically determinable, it "makes the ALJ's finding at subsequent steps of the sequential evaluation process defective and is cause for remand." *Vazquez-Rivera v. Kijakazi*, No. 21-215, 2022 WL 4486403, at *7 (M.D. Pa. Sept. 27, 2022), collecting cases. Social Security regulations establish that an ALJ must

---

[2] In fairness to the Commissioner, Frymoyer's argument does, at times, conflate the two separate arguments: (1) the ALJ's failure to consider her constipation as a "medically determinable impairment," and (2) the ALJ's failure to conclude that her constipation was a "severe impairment." *See* doc. 8 at 15-18. The Commissioner responds to the second alleged error, but not the first.

consider all medically determinable impairments when assessing a claimant's RFC. *Shedden v. Astrue*, No. 10-2515, 2012 WL 760632, at *9 (M.D. Pa. Mar. 7, 2012); 20 C.F.R. § 416.945(a)(2). To demonstrate the existence of a medically determinable impairment, a claimant must simply produce objective medical evidence from an acceptable medical source that shows that they have the impairment. *Roldan v. Kijakazi*, No. 21-621, 2023 WL 2567988, at *10 (M.D. Pa. Feb. 28, 2023), *report and recommendation adopted,* No. 21-621, 2023 WL 2563080 (M.D. Pa. Mar. 17, 2023). Once a claimant fulfills this requirement, an ALJ must then assess the severity of the impairment. *Id.* at *9.

Conversely, an ALJ is not required to consider a non-medically determinable impairment to make an RFC finding. *Roldan*, 2023 WL 2567988, at *15. Therefore, when an ALJ incorrectly fails to make any finding as to whether an asserted condition qualifies as a medically determinable impairment, the omission "calls into question the completeness of the ALJ's RFC assessment and undermines the support for his conclusions at steps four and five of the sequential evaluation process." *Vazquez-Rivera*, 2022 WL 4486403, at *8.

Furthermore, because the step two error here resulted in the exclusion of the asserted impairment from the RFC analysis, the harmless error doctrine does not apply in the way it would if the ALJ had acknowledged the impairment as medically determinable, but not severe. *Roldan*, 2023 WL 2567988, at *15.

Here, the ALJ erred by failing to acknowledge Frymoyer's constipation as a medically determinable impairment at step two of the sequential evaluation process without explanation. Frymoyer produced objective medical evidence from an ostensibly acceptable medical source to support her claim that her constipation was an authentic medical issue. Docs. 7-12 at 127; 7-13 at 504. Hence, the ALJ should have either included constipation in the step two severity analysis of medically determinable impairments or provided "an adequate explanation for discounting it." *Christenson v. Astrue*, No. 10-1192, 2011 U.S. Dist. LEXIS 110315, *15-16 (M.D. Pa. May 18, 2011).

Here, there is no indication in the ALJ's decision that he considered Frymoyer's constipation and related symptoms under the proper standard either at step two or in assessing Frymoyer's RFC. "Under such circumstances, it cannot be said that the result would have been the same

had the ALJ not erred." *Roldan*, 2023 U.S. Dist. LEXIS 46776, at *41-42, *citing Dannette L. v. Comm'r of Soc. Sec.*, No. 3:21-CV-00281-GCS, 2022 U.S. Dist. LEXIS 154489, 2022 WL 3701346, at *8 (S.D. 111. Aug. 26, 2022) (ordering remand where "the ALJ failed to provide a sufficient reason to support a crucial finding in her decision, i.e., the Plaintiff's fibromyalgia was not a medically determinable impairment"); *Vargas v. Saul,* No. L19-CV-299, 2020 U.S. Dist. LEXIS 168760, 2020 WL 5521039, *7 (D. Idaho Sept. 14, 2020) (ordering remand and explaining that "[i]f [claimant's] fibromyalgia had been properly considered, 'the ALJ may have found [claimant's] testimony regarding her pain, fatigue, and ability to function more credible, which may have impacted the RFC determination'").

## IV.   CONCLUSION

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order follows.

Date: July 7, 2026                           s/*Sean A. Camoni*
                                             Sean A. Camoni
                                             United States Magistrate Judge